SOUTHERN DISTRICT OF MISSISSIPPI
**FILED**

MAY 2 6 2006

J.T. NOBLIN, CLERK
BY_____DEPUTY

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI

CURTIS J. HARDY
        PETITIONER,


VS.                                    CIVIL NO. ~~3:05cv784HTW-AGN~~

                                          3:03cr68HTW-JCS

UNITED STATES OF AMERICA
                RESPONDENT,

_____

### MEMORANDUM BRIEF IN SUPPORT OF MOTION FOR LEAVE
### TO SUPPLEMENT A 28 U.S.C. 2255 MOTION TO VACATE
### SET ASIDE OR CORRECT SENTENCE

_____

NOW COMES, CURTIS J. HARDY, the petitioner, appearing through Pro-Se representation and respectfully moves this court to file a supplement to his pending 28 U.S.C. §2255 motion to vacate, set aside or correct sentence, pursuant to Federal Rules Of Civil Procedure Rule 15 (A) Leave to Supplement shall be freely given when justice so requires.

A memorandum brief in support of this motion is made part of the motion by the petitioner.

### JURISDICTION

Title 28, U.S.C. 2244 provides that Habeas Corpus application may be amended or supplement as provided in the rules governing 28 U.S.C. §2255 proceeding authorizes the use of the Federal Rules Of Civil Pro. to be applied to 2255 proceeding.

The Federal Rules Of Civil Pro., Rule 15 (A) gives Habeas Corpus petition like other Civil complaints the right to supplement the petition with leave of the court at anytime before the government files a responsive pleading, see e.g. WILLIS VS. COLLONS 989 F.2d

1

187, (5th CIR. 1993).

## ISSUE #1

PETITIONER SEEKS RELIEF UNDER BRECHT VS. ABRAHAMSON 507 U.S. 629, KOTTEAKOS VS. UNITED STATES 328, U.S. 776 & KYLES VS. WHITLEY 514, U.S. 435 BY REQUESTING THAT ALL CLAIMS IN PETITIONER INITIAL 2255 MOTION TO VACATE SET ASIDE OR CORRECT SENTENCE AND PETITIONER SUPPLEMENTAL BRIEF ARE TO BE TREATED AS "STRUCTURALS ERROR" WHICH ARE NOT SUBJECT TO HARMLESS ERROR ANALYSIS AND ARE TO BE TREATED AS PER SE PREJUDICIAL ERRORS........

Petitioner argues that the above mention claims are (1)"error" (2) that are plain (3) that affect's petitioner substantial right, for structural defects and require reversal, and (4) these errors seriously affects the fairness of petitioner trial and appellate review.

Petitioner request that all claims in petitioner initial and supplemantal briefs are to be treated as per se prejudicial errors, (structural defects).

In conducting harmless error analysis of constitutional violations in direct appeal and habeas corpus cases, the Supreme Court repeatedly has reaffirmed that "[s]ome constitutional violations... by their very nature cast so much doubt on the fairness of the trial process that, as a matter of law, they can never be considered harmless.

In its 1993 decision in Brecht vs. Abrahamson, a bare majority of the Court ruled that a new and different measure of harmless error should apply in federal habeas corpus proceedings. The applicable standard now is the one the Court fashioned in 1946 in Kotteakos vs United States for assessing the harmlessness of noncon-

2

stitutional errors.

In Brecht v. Abrahamson the Court changed the standard that applies in habeas corpus cases for assessing the harmlessness of constitutional "trial errors". The Court did not however, change, and in fact reaffirmed, its longstanding doctrine treating "struct-ural" error as not subject to harmless error analysis and accord-ingly as prejudicial-hence reversible-per se:

> Trial error"occur[s] during the presentation of the case to the jury," and is amenable to harmless-error analysis because it "may.....be quantitatively assessed in the context of other evidence presented in order to determine [the affect it had on the trial]." At the other end of the spectrum of consti tutional error lie "structural defects in the const-itution of the trial mechanism, which defy analysis by "harmless-error' standard." The existence of such defects--deprivation of the right to counsel, for example--requires automatic reversal of the convict-ion because they infect the entire trial process.

In Kyles vs. Whitley, the Supreme Court identified a fourth category of constitutional violations as to which "there is no need for....harmless-error review" because the error "could not be treat-ed as harmless." The Court noted that certain constitutional violat-ions- prosecutorial suppression of exculpatory evidence and ineffec-tive assistance of counsel are cited as examples-cannot be established unless "materiality" or "prejudice" is shown. Making that showing, moreover, requires proof of "a reasonable probability that, had the... [violation not occurred], the result of the proceeding would have been different." Because the conclusion that there is a reasonable probaility that, but for the violation, the outcome would have dif-fered "necessarily entails the conclusion that the [violation]...

had "substantial and injurious affect or influence in determining the jury's verdict, a violation requiring proof of a reasonable probability of a different outcome "cannot subsequently be found harmless under Brecht.

## CONCLUSION

For the foregoing reasons, petitioner request that this Court hold that the Kotteakos, Brecht, and Whitley harmless-error standard applies in determining whether habeas relief must be granted because of constitutional error of the trial type.

RESPECTFULLY SUBMITTED,

*Curtis J. Hardy*
CURTIS J. HARDY
REG. NO. #01102-043
UNITED STATES PENITENTIARY
P.O. BOX 26030
BEAUMONT, TEXAS 77720

4

# Certificate of Service

I, _____CURTIS J. HARDY_____ hereby certify that I have served a true and correct copy of the following:

Memorandum in support of motion for leave to file supplemental pleading.

which is deemed filed at the time it was delivered to prison authorities for forwarding [Houston v. Lack 101 L.Ed.2d 245 (1988)] upon the defendant(s) and or his/her attorney(s) of record  by placing same in a sealed, postage  prepaid envelope addressed to :

        CLERK, U.S. DISTRICT COURT
        Southern District Of Mississippi
        245 E. Capitol, Suite 316
        Jackson, Mississippi 39201

and by depositing same in the United States Mail at the United State Penitentiary, Beaumont, Texas on this _____22_____ day of_____May_____.

                        ____CURTIS J. HARDY____
                              ( Name)

                        ____P.O. BOX 26030____
                              (Address)

                        ___BEAUMONT, TEXAS 77720___
                              (City, State, Zip)